UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOROTHY A. SMULLEY,
    *Plaintiff*,

v.

MUTUAL OF OMAHA BANK, *et al.*
    *Defendants*.

No. 3:14-cv-00997 (JAM)

**RULING AND ORDER**

    Pending before the Court are plaintiff's motion for joinder (Doc. #75), motion for leave to file amended complaint (Doc. #76), motion for costs incurred in connection with service of process (Doc. #77), motion for default entry as to Webster Bank (Doc. #86), and two motions for adjudication of pending motions (Docs. #88, #89). For the reasons explained below, I will grant plaintiff's motion for joinder, motion for leave to file amended complaint, and motion for reimbursement of costs, and I will deny plaintiff's motion for default entry. I will also find plaintiff's motions for adjudication are moot in light of this ruling.

**BACKGROUND**

    This case arises out of a dispute between *pro se* plaintiff Dorothy Smulley, a condominium owner, and Oronoque, her condominium association. Plaintiff alleges that in October 2011, she began receiving letters from Oronoque's debt collector, the law firm of Zeldes, Needle & Cooper ("ZNC"), accusing her of violating Oronoque's bylaws and demanding payment of a fine. Several months later, plaintiff received notice that the fine—$9,550 plus costs—was for unauthorized additions and alterations to her condo. Plaintiff disputed the fine. In July 2012, Oronoque returned plaintiff's annual common charge assessment, which plaintiff had made payable to Oronoque, and requested that she make it payable to ZNC. Plaintiff was also

1

instructed to direct her monthly payments to ZNC. Because plaintiff believed she had no obligation to ZNC, she refused to reissue her checks to ZNC. Instead, she attempted to pay Imagineers (Oronoque's property management company), and later attempted to deposit the payments directly into Oronoque's bank accounts at Webster Bank, Mutual of Omaha Bank ("MOB"), and People's United Bank. In November 2012, Oronoque filed a foreclosure action against plaintiff.

Plaintiff filed this action in July 2014 against Oronoque, ZNC, Webster Bank, Imagineers, MOB, and an employee of MOB, alleging a variety of state and federal claims, including a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"). Plaintiff alleged that defendants' actions were part of a larger scheme designed to defraud her and other condominium owners. In October 2014, I dismissed plaintiff's complaint under the *Colorado River* abstention doctrine, citing four pending state actions arising from the same facts. *See* Doc. #53. Plaintiff appealed the dismissal.

In January 2016, while plaintiff's appeal of this Court's dismissal was pending in the Second Circuit, plaintiff reached a settlement agreement with all of the defendants except Webster, as to this case and as to the parallel state actions. Plaintiff notified the Second Circuit of the settlement and moved to withdraw the defendants involved in the settlement as parties from this case, leaving only Webster as a defendant. The Second Circuit granted plaintiff's motion to withdraw the defendants and found that the *Colorado River* abstention doctrine no longer applied, since there were no longer any concurrent, parallel actions in state court. *Smulley v. Mut. of Omaha Bank*, 634 F. App'x 335 (2d Cir. 2016). Accordingly, the Second Circuit vacated this Court's order dismissing plaintiff's complaint and remanded plaintiff's case against Webster Bank—the sole remaining defendant—in April 2016.

In June 2016, plaintiff filed a motion for joinder seeking to join three new defendants: JP Morgan Chase Bank, Fannie Mae, and the Federal Housing Finance Agency. Doc. #75. At the same time, plaintiff filed a motion for leave to file an amended complaint. Doc. #76. Plaintiff filed her amended complaint and amended RICO case statement in July 2016. Docs. #79, #80. Plaintiff's amended complaint adds counts against the new defendants named in the motion for joinder, as well as a count against yet an additional defendant, Mortgage Electronic Registration Systems ("MERS"). Plaintiff subsequently filed several other motions that are currently pending, as discussed below.

## DISCUSSION

*Motion for leave to amend complaint and to join additional defendants*

In her motion for joinder (Doc. #75), plaintiff requests to add three new defendants: JPMorgan Chase Bank ("Chase"), the Federal National Mortgage Association ("Fannie Mae"), and the Federal Housing Finance Agency ("FHFA"). I understand her to seek authority as well to add MERS as a defendant. Plaintiff alleges that after she refinanced her mortgage in 2004, Webster assigned plaintiff's note to Fannie Mae. She claims that Fannie Mae's Form 3140, a rider that plaintiff signed at the time of the refinancing, deprived her of due process. Specifically, plaintiff alleges that Paragraph F of Form 3140 created an "intentional loop hole" that facilitated a "scheme of conspiracy, extortion, and fraud." Doc. #75 at 11.

Plaintiff alleges that in 2016, she began receiving statements from Chase, who claimed a lien interest in plaintiff's mortgage and sought payments from her. Plaintiff states that Chase has cited Paragraph F of Form 3140 as "implied authority" to demand payment from her. Plaintiff also claims that Chase withdrew funds from her escrow account without permission or authority on several occasions in 2014 and 2015. Plaintiff seeks to join Fannie Mae because of its

connection to Form 3140, and FHFA because of its alleged authority to defend suits against Fannie Mae. *See* Doc. #79, ¶ 4. Plaintiff seeks to join MERS because of its role as Webster's nominee with respect to plaintiff's mortgage.

Plaintiff's motion for leave to amend (Doc. #76) explains that "plaintiff moves for leave to file an amended complaint to reflect the changes more particularized in her motion for order to withdraw certain defendants and her motion for joinder." Doc. #76 at 2. In the amended complaint itself, plaintiff withdraws several of the counts from her original complaint, and she also adds new counts against the proposed new defendants.

Plaintiff's motion for joinder and motion for leave to amend the complaint are governed by Federal Rules of Civil Procedure 15, 20, and 21. Rule 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that motions to amend should be granted "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Much of plaintiff's proposed amendment involves activities that have occurred during the pendency of this lawsuit and that plaintiff could not have included in her complaint when it was first filed in 2014. Although Webster opposes plaintiff's motion, Webster has not identified any particular prejudice it would sustain if plaintiff is permitted to amend the complaint, especially in view that discovery has not yet commenced in this lawsuit.

Under Rule 21, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Because Rule 21 does not provide a meaningful standard to determine whether a

party may be added, courts look to the standards that govern joinder under Rule 20. *See, e.g.*, *Hua Lin v. W & D Associates LLC*, 2015 WL 5684042, at *4 (D. Conn. 2015).

Rule 20 provides that parties may be joined as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). In determining whether claims arise out of the same transaction or occurrence, a court should take "a broad view, not requiring an absolute identity of factual backgrounds . . . but only a logical relationship between them.'" *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 166 (S.D.N.Y. 2009).

Applying the above standards, I find that plaintiff's claims against the proposed new defendants logically relate to the claims against the remaining defendant Webster, given that both sets of claims stem from plaintiff's mortgage loan and appear to relate to an alleged scheme by lenders, servicers, and other entities to defraud plaintiff and other condominium owners. In light of the logical relationship between the claims and the likely overlap in questions of fact, "'considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)). Accordingly, I find it appropriate to grant plaintiff leave to amend her complaint and to join additional defendants.

### *Motion for costs incurred in connection with service of process*

On June 3, 2016, plaintiff filed a motion for costs incurred in connection with service of process (Doc. #77). Specifically, plaintiff requests an order directing defendant Webster to reimburse her for the $85.00 cost of serving the complaint on Webster due to Webster's failure

to waive service of process. Federal Rule of Civil Procedure 4(d)(2) provides in relevant part that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service; and . . . the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Plaintiff first requested these costs—attaching a copy of her receipt—in August 2014, before the case was dismissed, appealed, and remanded. Doc. #30. Plaintiff renewed her request with this second motion. Webster has not demonstrated good cause for its failure to waive service. Accordingly, plaintiff is entitled to an award of $85.00 from defendant Webster.

### *Motion for default entry against Webster*

On August 4, 2016, plaintiff filed a motion for default entry against defendant Webster. Doc. #86. Under Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Webster responded to plaintiff's original complaint in this case by filing a motion to dismiss. *See* Doc. #3. After the Second Circuit remanded the case back to this Court, plaintiff filed a motion to amend her complaint, defendant filed a response, and plaintiff's motion to amend has been pending. Webster was not required to respond to plaintiff's amended complaint before the Court had decided whether to grant plaintiff leave to amend. Accordingly, there is no basis for default entry against Webster at this time.

### CONCLUSION

Plaintiff's motions for joinder, for leave to amend the complaint, and for costs incurred in connection with service of process (Docs. #75, #76, #77) are GRANTED. Plaintiff's motion for

default entry (Doc. #86) is DENIED. Plaintiff's motions for adjudication (Docs. #88, #89) are now moot, in light of this ruling.

It is so ordered.

Dated at New Haven this 24th day of October 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge